NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4677
_____

UNITED STATES OF AMERICA

v.

LAWRENCE REED,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 08-cr-00265)
District Judge: Honorable Robert B. Kugler


_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2010

Before: SLOVITER, BARRY and HARDIMAN, *Circuit Judges.*

(Filed: July 2, 2010)


_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Lawrence Reed appeals his judgment of sentence. We will affirm.

I.

Because we write for the parties, we recount only the essential facts.

In 2007, United States Postal Service (USPS) investigators discovered that Reed, a 34-year USPS employee, was regularly using his work computer to search for and view child pornography. An examination of Reed's computer revealed 127 stored images of child pornography. When confronted, Reed admitted his conduct.

Reed pleaded guilty to a single count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). It is undisputed that the District Court correctly calculated Reed's advisory Guidelines imprisonment range as 57 to 71 months. Reed argued for a significant downward variance, proposing an alternative sentence of just one day of imprisonment coupled with 20 years of supervised release.

In support of his request, Reed called two psychologists who testified that he had been sexually abused as a child, which led him to engage in and seek treatment for sexually compulsive behavior throughout his adult life. Reed's experts agreed that he was responding well to outpatient therapy and opined that he presented a low risk of recidivism. The Government countered with a psychiatrist who testified that Reed's long history of unsuccessful treatment, together with his escalating pattern of sexually

compulsive behavior, made Reed's recidivism risk uncertain. After hearing argument, the

District Court denied Reed's request and sentenced him to 57 months imprisonment.[1]

## II.

Reed appeals his sentence, arguing that it was both procedurally and substantively

unreasonable. We review the District Court's sentence for abuse of discretion. *United*

*States v. Tomko*, 562 F.3d 558, 564 (3d Cir. 2009) (en banc) (citing *Gall v. United States*,

552 U.S. 38, 41 (2007)). Reed bears the burden of showing his sentence was

unreasonable. *See United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006).

## A.

Reed first argues that the District Court erred procedurally by basing his sentence

on an incorrect factual finding regarding his risk of recidivism. A district court commits

procedural error—and thereby abuses its discretion—when it selects a sentence based on

clearly erroneous facts. *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

Reed claims that the District Court clearly erred when it concluded that he "posed

a high risk of recidivism" because the balance of the expert testimony suggested that his

risk of re-offending was low. Contrary to Reed's characterization, however, the District

Court never found that Reed "posed a high risk of recidivism." Rather, the court found,

based on all of the expert testimony, that it "[could not] conclude . . . that there's *no risk*

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742.

3

of future criminal conduct from [Reed]." Because Reed posed at least some risk of recidivism, the District Court found protection of the public to be a relevant factor under 18 U.S.C. § 3553(a)(2)(C) when fashioning Reed's sentence.

This was not clear error. A factual "finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wise*, 515 F.3d at 218 (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)) (internal quotation marks omitted). The record in this case gives us no cause for such concern. At sentencing, none of the experts testified that Reed presented absolutely no risk of re-offending. Indeed, Reed's own psychologists admitted that although he posed a low risk of recidivism, future criminal conduct could not be ruled out altogether. Accordingly, the District Court did not abuse its discretion by sentencing Reed based on a clearly erroneous factual finding.

## B.

Reed next contends that the District Court committed procedural error by failing to give meaningful consideration to three of his sentencing arguments. A district court need not "discuss every argument made by a litigant if an argument is clearly without merit." *Cooper*, 437 F.3d at 329. The record must demonstrate, however, that the court recognized and responded to any colorable arguments advanced by a defendant at sentencing. *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).

4

Reed first claims that the District Court failed to consider his argument that the circumstances of his offense and his personal history and characteristics warranted a downward variance. *See* 18 U.S.C. § 3553(a)(1). The record indicates otherwise. After observing that the facts of Reed's crime were fairly "straightforward," the District Court noted that Reed was a hard-working individual with strong family support and no criminal record. The Court next discussed Reed's extensive history of psychological issues. Though the District Court recognized the significance of these factors, it explained that they were not atypical for a child pornography defendant and therefore did not warrant a variance. Accordingly, the District Court considered both the circumstances of Reed's offense as well as his personal history and characteristics when imposing sentence.

Reed also argues that the District Court failed to consider his need for "intensive, uninterrupted mental health treatment." *See* 18 U.S.C. § 3553(a)(2)(D). Prior to sentencing, however, the District Court requested and received information from the parties regarding treatment options within the Bureau of Prisons for incarcerated sex offenders. At sentencing, the Court heard extensive testimony about Reed's ongoing participation in an outpatient counseling program. The District Court then offered to recommend that Reed be designated to a facility with a sex offender treatment program, an offer Reed declined. It is thus clear from the record that the District Court considered Reed's need for psychological counseling.

Finally, Reed asserts that the District Court failed to address the need to avoid unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). In support of this argument, Reed relies on six cases he cited to the District Court in which defendants convicted of similar offenses received significant downward variances. According to Reed, the District Court failed to explain why his case warranted a different sentence.

At sentencing, however, the District Court expressly recognized that other courts had imposed sentences well below the applicable Guidelines range in similar child pornography cases. Contrary to Reed's assertion, the District Court then explained that an individualized application of the § 3553(a) factors to Reed's case required a different result. In particular, the District Court focused on the seriousness of Reed's offense and his potential for recidivism. The District Court thus did not err by failing to consider the need to avoid unwarranted sentencing disparities.

## C.

Reed also contends that his 57-month sentence was substantively unreasonable because it was too severe in light of the circumstances of his offense. But when a "district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Here, the District Court committed no procedural error at sentencing. Because "the record as a whole reflects

6

rational and meaningful consideration of the factors enumerated in 18 U.S.C.

§ 3553(a)[,]" *id*. (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en

banc)), we conclude that Reed's sentence was substantively reasonable.

III.

Having found no procedural or substantive error, we will affirm the District

Court's judgment of sentence.